NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CONSTANCE L. HICKS, | Civil Action No. 18-10590 (SDW) |
| Plaintiff, | |
| v. | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | November 15, 2019 |

**WIGENTON,** District Judge.

Before the Court is Plaintiff Constance L. Hicks' ("Plaintiff") appeal of the final administrative decision of the Commissioner of Social Security ("Commissioner"). Specifically, Plaintiff appeals Administrative Law Judge Paul F. Kelly's ("ALJ Kelly") denial of Plaintiff's claim for Supplemental Security Income ("SSI") disability benefits under the Social Security Act (the "Act"). This Court has subject matter jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Venue is proper under 28 U.S.C. § 1391(b). This appeal is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, this Court finds that ALJ Kelly's factual findings are supported by substantial evidence and that his legal determinations are correct. Therefore, the Commissioner's decision is **AFFIRMED**.

1

## I. PROCEDURAL AND FACTUAL HISTORY

### A. Procedural History

On April 23, 2014,[1] Plaintiff filed a Title II Application for Disability Insurance Benefits ("DIB"),[2] alleging a disability that started on February 2, 2011, when she slipped on ice and fractured her ankle. (Administrative Record ("Record" or "R.") 14, 17, 18, 250, 256-57.) The Social Security Administration denied Plaintiff's application on September 18, 2014, and again on reconsideration on February 5, 2015. (R. 14, 74-98, 96-103, 106-11.) On February 17, 2015, Plaintiff filed a written request for a hearing before an ALJ to review her application, and ALJ Kelly held a video hearing on January 3, 2017. (R. 14, 34-73, 112-13.) ALJ Kelly denied Plaintiff's claim, in a decision dated April 26, 2017. (R. 11-28.) Plaintiff sought an Appeals Council Review on August 28, 2017. (R. 248.) On April 12, 2018, the Appeals Council concluded that there were no grounds for review, making the ALJ's decision the final decision of the Commissioner. (R. 1-6.) Plaintiff now asks this Court to reverse the Commissioner's decision and declare that Plaintiff is entitled to a period of disability beginning on February 2, 2011, or, in the alternative, vacate the Commissioner's decision denying Plaintiff's DIB and remand this case to the ALJ for a new hearing. (Compl. at 2, ¶¶ 1-3.)[3]

### B. Factual History

Plaintiff is 50 years old and lives in Jersey City, New Jersey. (Compl. at 1, ¶¶ 2, 4.) The Record demonstrates that Plaintiff's medical issues began on February 2, 2011, when she slipped on ice outside her workplace, breaking her right ankle and requiring surgery. (R. 16, 18, 250, 256-57.) Plaintiff then underwent four additional surgeries over the next four years to fix issues related

---

[1] Other evidence in the record indicates that Plaintiff's application was filed on May 13, 2014. (*See* R. 162-65.)
[2] Plaintiff filed a prior application on June 14, 2011, also alleging an onset date of February 2, 2011. (R. 14, 75.)
[3] Briefing was completed on September 6, 2019. (D.E. 15, 19.) No reply was filed.

2

to her broken ankle. (R. 19, 249-52, 399.) On September 11, 2014, Plaintiff met with Dr. Marc Weber for a medical determination examination. (R. 20-21, 391-95.) Dr. Weber listed Plaintiff at 65 inches tall and 255 pounds. Dr. Weber stated that Plaintiff could neither stand on her heels or toes nor perform a squat. Additionally, her gait pattern was characterized by a tendency to lean towards the right side, and Dr. Weber determined that there were limitations in her range of motion in her right ankle. However, Plaintiff was able to get on and off the examination table by herself, take off and put on her shoes without assistance, and walk at a reasonable pace without the use of a handheld assistive device. (*Id.*)

On January 7, 2015, Plaintiff had a consultative exam with Dr. Ashraf K. Falatas. (R. 399-401.) At this examination, Dr. Falatas listed Plaintiff at 262 pounds and diagnosed her with muscle wasting involving the right leg, a limited range of motion in the right ankle, and a limping gait. He also stated that Plaintiff was able to get on and off the table by herself and without a device. (*Id.*) Plaintiff also met with Dr. Ketan D. Shah, a podiatrist, multiple times in 2015 and 2016. (R. 21-22, 416-26.) Dr. Shah noted that Plaintiff had the ability to ambulate without distress and also noted that her health and pain level improved after the first visit.

In addition to seeking treatment for physical ailments, Plaintiff began psychiatric treatment in 2014 with Dr. Thomas D'Amato. (R. 17, 399.) Dr. D'Amato filled out a residual functional capacity ("RFC") questionnaire, which was a "checkbox" form, on January 8, 2016. (R. 17, 399, 412-15.) This form indicated that Plaintiff suffered from depression and post-traumatic stress disorder. (*Id.*) Notably, there are no treatment notes in the Record supporting the limitations disclosed in Dr. D'Amato's RFC questionnaire. (R. 17.)

At the administrative hearing on January 3, 2017, ALJ Kelly listened to testimony from Plaintiff and Vocational Expert Salvatore Garozzo ("VE Garozzo"). (R. 34-73.) Plaintiff testified

3

that she suffers from multiple ailments, including obesity and pain in her leg, ankle, and back. (R. 44-46.) Plaintiff stated that, due to these ailments, she has difficulty walking, feels pain when she places her heel on the ground, and cannot sit or stand for a long period of time. (R. 42-46.) According to Plaintiff, she typically sits all day in a recliner with her leg elevated, and although she tries to get up at times, it is very painful for her due to her foot and ankle pain. (R. 44-46.) When Plaintiff does walk in the house, she uses a cane and walker. (R. 45.) Although she sits all day, Plaintiff testified that she can only sit for an hour before her lower back hurts, causing a throbbing pain down her leg. (R. 45-46.) She wears a brace around her ankle to alleviate swelling. (R. 46.) The ALJ asked Plaintiff's attorney to provide medical records indicating that Plaintiff's use of a walker, cane, and brace, as well as her efforts to keep her leg elevated, are medically necessary. Plaintiff's attorney never provided those medical records. (R. 22, 48-49.) Finally, in addition to the physical ailments, Plaintiff testified that she deals with depression due to her pain, loss of living a normal life, and financial situation, all of which affect her ability to concentrate. (R. 47-48.)

## II. LEGAL STANDARD

### A. Standard of Review

In Social Security appeals, this Court has plenary review of the legal issues decided by the Commissioner. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). Yet, this Court's review of the ALJ's factual findings is limited to determining whether there is substantial evidence to support those conclusions. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted). Thus,

substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x. 613, 616 (3d Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Importantly, "[t]his standard is not met if the Commissioner 'ignores, or fails to resolve, a conflict created by countervailing evidence.'" *Bailey*, 354 F. App'x. at 616 (quoting *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). However, if the factual record is adequately developed, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Daniels v. Astrue*, No. 4:08-cv-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (internal quotation marks omitted) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). "The ALJ's decision may not be set aside merely because [a reviewing court] would have reached a different decision." *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x. 475, 479 (3d Cir. 2007) (citing *Hartranft*, 181 F.3d at 360). This Court is required to give substantial weight and deference to the ALJ's findings. *See Scott v. Astrue*, 297 F. App'x. 126, 128 (3d Cir. 2008). Nonetheless, "where there is conflicting evidence, the ALJ must explain which evidence he accepts and which he rejects, and the reasons for that determination." *Cruz*, 244 F. App'x. at 479 (citing *Hargenrader v. Califano*, 575 F.2d 434, 437 (3d Cir. 1978)).

In considering an appeal from a denial of benefits, remand is appropriate "where relevant, probative and available evidence was not explicitly weighed in arriving at a decision on the plaintiff's claim for disability benefits." *Dobrowolsky v. Califano*, 606 F.2d 403, 407 (3d Cir. 1979) (internal quotation marks omitted) (quoting *Saldana v. Weinberger*, 421 F. Supp. 1127, 1131 (E.D. Pa. 1976)). Indeed, a decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the

record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984) (citations omitted).

### B. The Five-Step Disability Test

A claimant's eligibility for social security benefits is governed by 42 U.S.C. § 1382. An individual will be considered disabled under the Act if the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" lasting continuously for at least twelve months. 42 U.S.C. § 423(d)(1)(A). The impairment must be severe enough to render the individual "not only unable to do his previous work but [unable], considering his age, education, and work experience, [to] engage in any kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). A claimant must show that the "medical signs and findings" related to his or her ailment have been "established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged . . . ." 42 U.S.C. § 423(d)(5)(A).

To make a disability determination, the ALJ follows a five-step sequential analysis. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see also Cruz*, 244 F. App'x at 480. If the ALJ determines at any step that the claimant is or is not disabled, the ALJ does not proceed to the next step. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

Step one requires the ALJ to determine whether the claimant is engaging in substantial gainful activity ("SGA"). 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). SGA is defined as work that "[i]nvolves doing significant and productive physical or mental duties . . . for pay or profit." 20 C.F.R. §§ 404.1510, 416.910. If the claimant engages in SGA, the claimant is not

6

disabled for purposes of receiving social security benefits regardless of the severity of the claimant's impairments. *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the individual is not engaging in SGA, the ALJ proceeds to step two.

Under step two, the ALJ determines whether the claimant suffers from a severe impairment or combination of impairments that meets the duration requirement found in Sections 404.1509 and 416.909. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or a combination of impairments is not severe when medical and other evidence establishes only a slight abnormality or combination of abnormalities that would have a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Rule ("SSR") 85-28, 96-3p, 96-4p. An impairment or a combination of impairments is severe when it significantly limits the claimant's "physical or mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). If a severe impairment or combination of impairments is not found, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the ALJ finds a severe impairment or combination of impairments, the ALJ then proceeds to step three.

Under step three, the ALJ determines whether the claimant's impairment or combination of impairments is equal to, or exceeds, one of those included in the Listing of Impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If an impairment or combination of impairments meets the statutory criteria of a listed impairment as well as the duration requirement, the claimant is disabled and entitled to benefits. 20 C.F.R. §§ 404.1520(d), 416.920(d). If, however, the claimant's impairment or combination of impairments does not meet the severity of the listed impairment, or if the duration is insufficient, the ALJ proceeds to the next step.

Before undergoing the analysis in step four, the ALJ must determine the claimant's RFC.

20 C.F.R. §§ 404.1520(a), 404.1520(e), 416.920(a), 416.920(e). An individual's RFC is the individual's ability to do physical and mental work activities on a sustained basis despite limitations from his or her impairments. 20 C.F.R. §§ 404.1545, 416.945. The ALJ considers all impairments in this analysis, not just those deemed to be severe. 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2); SSR 96-8p. After determining a claimant's RFC, step four then requires the ALJ to determine whether the claimant has the RFC to perform the requirements of his or her past relevant work. 20 C.F.R. §§ 404.1520(e)-(f), 416.920(e)-(f). If the claimant is able to perform his or her past relevant work, he or she will not be found disabled under the Act. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f). If the claimant is unable to resume his or her past work, the disability evaluation proceeds to the fifth and final step.

At step five, the ALJ must determine whether the claimant is able to do any other work, considering his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). Unlike in the first four steps of the analysis where the claimant bears the burden of persuasion, at step five the Social Security Administration ("SSA") is "responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that [the claimant] can do, given [the claimant's RFC] and vocational factors." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2). If the claimant is unable to do any other SGA, he or she is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III. DISCUSSION

On December 26, 2017, ALJ Kelly issued a decision concluding that Plaintiff is not disabled. (R. 11-28.) At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 2, 2011, the alleged onset date. (R. 16.) At step two, the ALJ found that Plaintiff suffers from a "[r]ight ankle fracture status post multiple surgeries; asthma; obesity;

Achilles tendinits; and generalized edema." (*Id.*) At step three, however, the ALJ concluded that Plaintiff's impairments do not meet or medically equal the severity of the Listings for these respective impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, and 404.1526). (R. 17.)

Before undergoing the analysis in step four, ALJ Kelly made an RFC determination and concluded that Plaintiff has the RFC "to perform sedentary work as defined in 20 CFR 404.1567(a)." Additionally, Plaintiff can occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl. However, Plaintiff cannot climb ladders, ropes, or scaffolds, limiting Plaintiff to specific jobs. (R. 18-23.)

ALJ Kelly made this determination based on Plaintiff's medical records from Dr. Weber, Dr. Faltas, and Dr. Shah, who examined Plaintiff from 2014-2015. (R. 20-22.) Dr. Weber determined that Plaintiff "could walk at a reasonable pace [without the] use of a hand-held assistive device," Dr. Faltas determined that Plaintiff had the "retained capacity to stand or walk for up to two hours in an eight-hour workday," and Dr. Shah stated that Plaintiff could "ambulate without distress" while wearing orthotics. (R. 20-21.) In view of this medical evidence, ALJ Kelly determined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." (R. 20.) He also determined that the medical evidence did not support "[Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms." (*Id.*)

In view of this RFC determination, at step four, ALJ Kelly found that Plaintiff could not perform any of her past relevant work as an information specialist, manager of a financial institution, or maintenance supervisor. (R. 23.) ALJ Kelly based his determination on VE Garozzo's testimony at the January 3, 2017 hearing. (*Id.*) Finally, at Step 5, ALJ Kelly found that

there is a significant number of jobs in the national economy that Plaintiff could perform based on her age, education, work experience, and RFC. (R. 24.)

On appeal, Plaintiff seeks reversal of the Commissioner's decision and asserts that (1) ALJ Kelly did not properly analyze Plaintiff's obesity; (2) the Step 3 Listings Analysis is too incomplete for judicial review; and (3) the RFC determination is not based on substantial evidence. (D.E. 15 at 14-37.) This Court considers the arguments in turn and finds them each without merit.

**A. ALJ Kelly Properly Analyzed Obesity Under SSR 02-1P**

Plaintiff first claims that ALJ Kelly did not analyze obesity properly according to the Commissioner's controlling Social Security Ruling ("SSR") at SSR 02-1p, which requires the ALJ to consider a claimant's obesity at various steps of the evaluation process. (SSR 02-1p, 2002 WL 34686281 at *1). (*Id.* at 14-19.) According to Plaintiff, the ALJ did not "consider the effect of [P]laintiff's obesity, either separately or in combination with [P]laintiff's comorbid impairments, in a form that allows for meaningful judicial review . . . ." (D.E. 15 at 19.)

While obesity is no longer specifically listed in the Social Security Regulations, ALJ Kelly "considered the impact of . . . [Plaintiff's] obesity on her overall function at all [] stages of evaluation[,]" . . . and considered "specifically [] the compounding impact on [Plaintiff's] weight-bearing ankle and any impact on [Plaintiff's] respiratory problems." (R. 18.) ALJ Kelly found that Plaintiff's impairments, both singly and in combination, did not satisfy the criteria of any listing impairment. (*Id.*)

To make this finding, ALJ Kelly looked to Dr. Weber's September 11, 2014 report from his consultative exam with Plaintiff, in which he stated that Plaintiff "could walk at a reasonable pace" without the use of a handheld assistive device." Dr. Weber concluded that Plaintiff had the "complete ability to ambulate considering all factors including obesity." ALJ Kelly gave great

weight to these findings as they were supported by "objective clinical and laboratory findings," and "consistent with [] later examination findings." (R. 20-21.) Regarding Plaintiff's RFC, ALJ Kelly determined that although "[Plaintiff] cannot stand or walk for prolonged periods of time," due to limitations from obesity, the "evidence simply does not support limitations that would prevent [Plaintiff from standing or walking] two hours per day." (R. 22.) In light of the foregoing, this Court finds that ALJ Kelly properly analyzed Plaintiff's obesity.

**B. ALJ Kelly's Step 3 Listings Analysis is Susceptible to Judicial Review**

Plaintiff next contends that ALJ Kelly's Step 3 Listings Analysis is not susceptible to judicial review because he considered the wrong Listing at 1.04 without mentioning the correct Listings at 1.02A and 1.03. (D.E. 15 at 19-27.) Plaintiff is incorrect. Although ALJ Kelly stated that Plaintiff's ailments are not sufficient to "satisfy the criteria of [L]isting 1.04," he referred to the substance of Listings at 1.02A and 1.03 ("abnormality of a weight-bearing joint" and "ability to ambulate effectively") in the same sentence. (R. 17.) The typographical error was harmless as it did not impact the analysis.

Plaintiff also claims that ALJ Kelly's decision cannot be reviewed because he did not "combine all severe impairments and compare the joint effect of all impairments against one of the Commissioner's Listings to determine medical equivalence." (D.E. 15 at 20-21.) This is also incorrect, as ALJ Kelly considered all impairments both singly and in combination with each other. (R. 17-18.) ALJ Kelly noted that Plaintiff's ankle injury combined with her obesity and asthma did not "satisfy the criteria of any listed impairment." (*Id.*) Although Plaintiff's attorney contended that Plaintiff met the criteria of Listing 1.01 because should could not ambulate effectively or walk without a cane, ALJ Kelly determined this was not accurate. (R. 19.) ALJ Kelly stated that "although . . . [Plaintiff] was undoubtedly more significantly incapacitated" after

the injury and surgeries, "there was no more than a period of a year [] during which the [Plaintiff's] ability to stand or walk was so limited as to meet the definition of an inability to 'ambulate effectively' within the meaning of the Social Security regulations." (R. 19.) While [Plaintiff] did use a medically prescribed cane, she held it in one hand. (*Id.*) Furthermore, the medical records "tend[] to verify a limping [gait] with some discomfort and limited range of motion, but do[] not describe a need to use a walker throughout the day, or other circumstances consistent with an inability to ambulate effectively." (R. 21.) Finally, Plaintiff did not provide any medical records regarding her inability to ambulate effectively for more than a year. The medical evidence provided to ALJ Kelly (or lack thereof) shows that ALJ Kelly was correct to conclude that Plaintiff did not meet the definition of inability to ambulate effectively within the meaning of the Social Security regulations.

**C. The RFC Evidence is Based on Substantial Evidence**

Finally, Plaintiff argues that the RFC evidence is not based on substantial evidence because (1) the ALJ should have acknowledged Plaintiff's "severe asthmatic condition/pulmonary disorder"; (2) the ALJ's finding that Plaintiff is "capable of standing and walking on her right leg 2 hours per day defies the evidence and is accompanied by no evidentiary discussion"; and (3) the ALJ erred in not considering the psychiatric evidence. (D.E. 15 at 27-37.)

If ALJ Kelly erred in not considering Plaintiff's asthma, the error was harmless because the jobs VE Garozzo identified would not expose Plaintiff to pulmonary irritants or other environmental conditions that would exacerbate her asthma. (R. 54-58.)

Additionally, the substantial evidence confirms that Plaintiff can perform sedentary jobs while using a handheld assistive device. (R. 18.) Dr. Marc Weber's consultative examination report in September 2014 stated that Plaintiff "could walk at a reasonable pace and did not use a

12

hand-held assistive device." (R. 20.) Dr. Faltas determined in 2015 that Plaintiff walked with a "limping but essentially unassisted [gait]," which is "consistent with retained capacity to stand or walk for up to two hours in an eight-hour workday," and significantly more than Plaintiff stated she could handle at the hearing. (*Id.*) In December 2015, Dr. Shah stated that Plaintiff walked with sneakers and that the only assistive device she used was orthotics. (R. 21.) In light of the foregoing, ALJ Kelly's determination that Plaintiff is able to stand or walk for two hours per day is supported by the substantial evidence. (R. 21.)

Finally, the substantial evidence does not support Dr. D'Amato's findings regarding Plaintiff's mental limitations, and ALJ Kelly's decision to consider them but give them less weight is proper. (R. 22.) The psychiatric evidence was limited to a "checkbox" form and unsupported by any treatment notes or records. (R. 17, 399, 412-15.) Thus, the Record does not support a finding that Plaintiff suffered from severe mental impairments that caused significant work-related limitations during the timeframe at issue.

## IV.  CONCLUSION

This Court finds that ALJ Kelly's factual findings were supported by substantial credible evidence in the record and his legal determinations were correct. Therefore, the Commissioner's determination is **AFFIRMED**. An appropriate order follows.

s/ *Susan D. Wigenton*  
**SUSAN D. WIGENTON**  
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk  
cc:  Parties

13